WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandro Lyman, | No. CV-14-0967-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiff Alexandro Lyman has filed an amended complaint against the United States. Doc. 6. The Court will screen the amended complaint and dismiss it for failure to state a claim.

**I.      Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**II.     Plaintiff's Amended Complaint.**

Plaintiff's amended complaint, like his original complaint, is largely incoherent. Plaintiff states that his "claim is sought in reference to the United States Constitution Amendment 14 Section 4 (sic)." Doc. 6 at 1. That section states that "neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void." U.S. Const. amend. XIV, § 4. Plaintiff refers to this section and states that it was "[written] and amended giving meaning that the union debt wouldn't be ran up to repay ex slave owners for lost of slave and lost of land (sic throughout)," and states that "over the years the opposite has occurred." Doc. 6 at 3. The complaint contains no specific facts alleging that Defendant has assumed or paid a debt related to insurrection,

rebellion, or slavery. The complaint fails to state a plausible claim for relief. The Court will therefore dismiss it.

**III.     Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court concludes that leave to amend would be futile. Plaintiff simply has no claim for the wrong he asserts in this case. The Court will not grant further leave to amend.

**IT IS ORDERED:**

1.     Plaintiff's amended complaint (Doc. 6) is **dismissed**.

2.     The Clerk of Court shall terminate this action.

Dated this 26th day of August, 2014.

_____
David G. Campbell
United States District Judge

- 3 -